IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZIMMERMAN PROPERTIES, INC. and GARY ZIMMERMAN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 03 C 3359 ) ) Wayne R. Andersen |
| DAVID GRUND and GRUND & STARKOPF, P.C., n/k/a GRUND, STARKOPF & LEAVITT, P.C., | ) District Judge ) ) ) |
| Defendants. | ) |

## MEMORANDUM, OPINION AND ORDER

This lawsuit arises out of the divorce and Marital Settlement Agreement entered into between Gary Zimmerman and his former wife, Joan Zimmerman. Plaintiffs Gary Zimmerman and Zimmerman Properties, Inc. ("ZPI") (collectively, plaintiffs) filed this lawsuit against defendants David Grund and the law firm Grund & Starkopf, P.C. for legal malpractice, breach of contract, breach of the covenant of good fair and fair dealings, fraudulent and negligent misrepresentation, and unjust enrichment. This matter is before the court on defendants' motion for summary judgment [100], defendants' motion to strike plaintiffs' response to defendants' statement of facts and supporting affidavit [98], and plaintiffs' motion for leave to file an amended response to defendants' Rule 56.1 statement of facts [105]. For the following reasons, the motion for summary judgment is granted, the motion to strike is granted in part and denied in part, and the motion for leave to file an amended response is granted.

## BACKGROUND

The following facts are undisputed. Gary Zimmerman brought a divorce action against his wife in the State of Connecticut. Shortly thereafter, Joan Zimmerman initiated a competing divorce action against her husband in the State of Nevada. In the divorce proceedings, Gary Zimmerman was represented by Gary Cohen, and Joan Zimmerman was represented by David Grund. As an alternative to proceeding to trial in two separate jurisdictions, the parties agreed to mediate the divorce action before trial. The parties participated in a week long mediation in Chicago and reached a resolution. Attorneys Cohen and Grund jointly drafted a Marital Settlement Agreement, which both Gary and Joan Zimmerman signed.

The provision around which the dispute revolves is Paragraph 5.2 of the Marital Settlement Agreement which provides:

> Zimmerman Properties, Inc. shall pay to Gary Cohen and Grund & Starkopf, P.C. the sum of $300,000 each for and as attorney fees in connection with services rendered to Zimmerman Properties, Inc. with respect to tax planning, counseling and in matters relating to advice and consultation given to Zimmerman Properties, Inc. and to Husband and Wife in conjunction with the preservation of and disposition of income producing properties.

Zimmerman, on his behalf and on behalf of ZPI, objected to this provision and the payment of the fees, yet ultimately signed the Marital Settlement Agreement and paid the fees.

Thereafter, Zimmerman, on his behalf and on behalf of ZPI, sued David Grund and Grund & Starkopf for legal malpractice, breach of contract, breach of the covenant of good fair and fair dealings, fraudulent and negligent misrepresentation, and unjust enrichment, claiming that the $300,000 fee plaintiffs paid to Grund created an attorney-client relationship between ZPI and Grund. Defendants' motion for summary judgment now is ripe for review.

# DISCUSSION

## I. Summary Judgment Standard

Under Federal Rule of Civil Procedure 56, summary judgment only may be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Nevertheless, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). A party must present "more than a scintilla of evidence" to defeat summary judgment. *Senner v. Northcentral Technical College*, 113 F.3d 750, 757 (7th Cir. 1997).

Indeed, "Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted." *Hadley v. County of DuPage*, 715 F.2d 1238, 1243 (7th Cir. 1983). Conclusory allegations alone will not defeat a motion for summary judgment. *See Thomas v. Christ Hosp. and Medical Center*, 328 F.3d 890, 893- 94 (7th Cir. 2003), citing *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 888-89 (1990). "Speculation does not create a *genuine* issue of fact, instead, it creates a false issue, the demolition of which is a primary goal of summary judgment." *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 932 (7th Cir. 1995) (emphasis added). The court is not obligated to "scour the record" for factual disputes to help a plaintiff avert summary judgment. *Greer v. Bd. Of Ed. Of the City of Chicago*, 267 F.3d 723, 727 (7th Cir. 2001).

## II. Motion to Strike Plaintiffs' Rule 56.1 Pleadings and Supporting Affidavit

Defendants have filed a motion to strike plaintiffs' entire response to defendants' statement of facts for failure to comply with Local Rule 56.1. Local Rule 56.1 requires that

3

parties support all disputed facts with specific references to the record and further emphasizes that it is inappropriate to include legal conclusions and/or argument in the Rule 56.1 statements of facts. *See Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 871 (7th Cir. 2000) (all relevant facts denied without supporting documentation must be accepted as true provided the facts are "properly supported by references to the record or other evidentiary materials"). The Seventh Circuit repeatedly has sustained the entry of summary judgment when the non-movant has failed to submit a factual statement in the form called for by the local rules and regularly upholds strict enforcement of Rule 56.1. *See Midwest Imports, Ltd. v. Coval*, 71 F.3d 1311, 1316 (7th Cir. 1995) (citing cases).

Defendants filed a statement of facts consisting of 80 numbered paragraphs. Plaintiffs admitted 25 paragraphs and denied the remaining 55 paragraphs but did not provide any specific reference to the record or other supporting materials to support the denials. "A general denial is insufficient to rebut a movant's factual allegations; the non-movant must cite specific evidentiary material justifying the denial. . . . [A] non-movant's failure to adhere to there requirements is equivalent to admitting the movant's case." *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000). Although untimely, plaintiffs filed a motion for leave to file an amended response to defendants' statement of facts which remedied their failure to comply with Local Rule 56.1(b)(3). Defendants objected to plaintiffs' amended response. However, the court will grant plaintiffs' motion for leave to file the amended response. Thus, the portion of defendants' motion to strike relating to the 55 paragraphs without a record citation is denied.

However, defendants' motion to strike also identified deficiencies with Zimmerman's affidavit submitted as support for some of the facts in plaintiffs' counter-statement of facts. Rule 56(e) requires that affidavits offered in opposition to summary judgment be made on personal

4

knowledge and set forth such facts as would be admissible at trial. "Although 'personal knowledge' may include inferences and opinions, those inferences must be substantiated by specific facts." *Drake v. Minnesota Mining & Manufacturing Co.*, 134 F.3d 878, 887 (7th Cir. 1998), quoting *Davis v. City of Chicago*, 841 F.2d 186, 189 (7th Cir. 1988). In many instances, that is not the case with Zimmerman's affidavit which contains unsupported conclusory assertions and legal conclusions. Indeed, plaintiffs admit that paragraphs 23, 25, 26, 27, 28, 30, 31, and 32 are either legal opinions, hearsay or conclusory statements that should be stricken. Paragraphs 11 and 18 of Zimmerman's affidavit also should be stricken as it is contrary to the testimony Zimmerman offered in his deposition and portions also are inadmissable hearsay. Thus, the motion to strike is granted in part and denied in part.

### III. Count One – Legal Malpractice

This entire lawsuit is premised on the theory that there was an attorney-client relationship between plaintiffs Zimmerman and ZPI and defendant Grund. However, it is undisputed that Grund represented Joan Zimmerman in the underlying divorce and not plaintiffs Gary Zimmerman and ZPI. To state a claim for legal malpractice, plaintiffs must show: (1) the existence of an attorney-client relationship; (2) a negligent act of omission on the part of the attorney; (3) proximate cause; and (4) actual damages. *See National Union Ins. Co. v. Dowd & Dowd, P.C.*, 2 F. Supp. 2d 1013 (1998). Illinois law is clear on what qualifies for the creation of an attorney-client relationship, and one Illinois court has explained:

> The attorney-client relationship is consensual and arises only where both the attorney and the client have consented to the retention. [Citation omitted] A client must manifest his authorization for an attorney to act of his behalf and the attorney must indicate his acceptance of the authorization to represent the client's interests. [Citation omitted]

*Kehoe v. Saltarlli*, 337 Ill. App. 3d 669, 786 N.E. 2d 605, 612 (1st Dist. 2003).

5

There is absolutely no evidence of an attorney-client relationship between Zimmerman and ZPI and Grund, and nothing in paragraph 5.2 of the Marital Separation Agreement creates such a relationship. Plaintiffs do not offer any evidence that they consented to be represented by Grund or that Grund consented to represent either Zimmerman or ZPI. Indeed, Gary Zimmerman, in fact, acknowledges that Grund represented his wife and not him or ZPI. Without any evidence of an attorney-client relationship, Grund did not have any duty to Zimmerman or ZPI. Thus, plaintiffs fail to state a claim for legal malpractice, and defendants are entitled to summary judgment on Count I.

### III. Counts Two and Three – Breach of Contract and Breach of Good Faith

The second and third counts alleging breach of contract and breach of contractual duty of good faith and fair dealing basically are duplicative of the allegations of legal malpractice alleged in Count One. Counts Two and Three suffer the same fatal flaw – there is no evidence of the existence of an attorney-client relationship or a contract between Zimmerman and ZPI and Grund.

For a contract to be valid, it must incorporate an offer, acceptance and valuable consideration to be enforceable, and the terms must be sufficiently definite. *See Olge v. Hotto*, 273 Ill. App. 3d 313, 319, 652 N.E.2d 815, 819 (1994). The Marital Settlement Agreement does not create a contract between plaintiffs and Grund. The Marital Settlement Agreement is an agreement between Gary Zimmerman and Joan Zimmerman, and Grund in not a party to that agreement. Plaintiffs do not offer any evidence of a contract, and the record does not provide any support that a contract existed between plaintiffs and Grund.

Gary Zimmerman again relies solely on Paragraph 5.2 of the Marital Settlement Agreement to allege a claim against Grund. The language in Paragraph 5.2 is unambiguous. The

6

attorneys gave their respective clients advice in connection with the dissolution and distribution of ZPI assets, which was a marital asset. For this advice, Gary and Joan Zimmerman paid their attorneys from the assets of ZPI. Grund's receipt of a payment of $300,000 from the assets of ZPI does not prove that a contract or any contractual duty existed between Grund and Gary Zimmerman or ZPI.

Plaintiffs have failed to identify any fact in the record that they sought advice from Grund. The undisputed facts confirm that no contract or contractual duties existed. Because there is no contract between plaintiffs and Grund, there was not, and could not have been, any contractual duty owed by Grund to plaintiffs. Thus, summary judgment should be granted on Counts II and III.

## IV. Count IV – Fraudulent Misrepresentation

The essential elements of a claim for fraudulent misrepresentation, which a plaintiff must affirmatively establish by clear and convincing evidence, are: (1) the representation must be a statement of material fact, rather than a mere promise or opinion; (2) the representation must be false; (3) the person making the statement must know or believe that the representation is false or made in reckless disregard of the truth; (4) the person to whom the representation is made must reasonably rely on the truth of the statement; (5) the statement must have been made for the purpose of causing the other party to affirmatively act; and (6) the reliance by the person to whom the statement was made led to his injury. *See Chicago College of Osteopathic Medicine v. George A. Fuller Co.*, 719 F.2d 1335, 1347 (7th Cir. 1983).

Plaintiffs again rely upon Paragraph 5.2 of the Marital Settlement Agreement and claim that the intentional misrepresentation was the statement that the $300,000 fee was earned for providing tax advice and that Grund, in fact, agreed to provide tax advice to ZPI. However, the

7

unambiguous language of Paragraph 5.2 of the Agreement does not comport with plaintiffs' allegations. Again, Paragraph 5.2 of the Marital Settlement Agreement specifically provides:

> Zimmerman Properties, Inc. shall pay to Gary Cohen and Grund & Starkopf, P.C. the sum of $300,000 each for and as attorney fees in connection with services rendered to Zimmerman Properties, Inc. with respect to tax planning, counseling and in matters relating to advice and consultation given to Zimmerman Properties, Inc. and to Husband and Wife in conjunction with the preservation of and disposition of income producing properties.

This paragraph recites that attorneys for both parties were paid $300,000 from the assets of ZPI for providing advice and counsel to their respective clients. Moreover, the record shows that Gary Zimmerman admitted that he did not speak to Grund about the fee, and there is no evidence that Gary Zimmerman relied on any advice, received any advice or even spoke to Grund. In fact, Zimmerman admitted that he would not rely on any tax advice from Grund. Plaintiffs have not identified any facts in the record that Zimmerman relied on a statement by Grund, that Grund rendered tax advice to him or ZPI prior to signing the Marital Settlement Agreement or that any representation was false.

Without evidence of a statement or conversation and reliance thereon, there can be no fraudulent misrepresentation. In fact, in Paragraph 12.3 of the Marital Settlement Agreement, Gary Zimmerman acknowledged that all tax advice came from outside counsel and from his own divorce attorney. Paragraph 12.3 specifically provides:

> Husband and Wife admit and agree that each of them has had the opportunity to discuss with independent tax counselors, other than the attorneys of record in the divorce action filed pertaining to the parties, concerning the income tax and estate tax implication and consequences with respect to the agreed upon division of properties and indebtedness, and that the law firm of GRUND & STARKOPF, P.C. and ECKER & STANDISH, P.C., and the law firms of GARY I. COHEN and JIMMERSON & ASSOCIATES, were not expected to provide and, in fact, did not provide tax advice concerning this Agreement.

8

There is no evidence that Grund made any representation to Gary Zimmerman or that Zimmerman, in fact, relied on any statement made by Grund. Thus, plaintiffs have failed to establish any fraudulent misrepresentation, and summary judgment should be granted to defendants on Count IV.

## V. Count V – Negligent Misrepresentation

The elements needed to properly state a cause of action for negligent misrepresentation include (1) a duty owed by defendant to plaintiff; (2) breach of such duty; and (3) injury proximately resulting from the breach. *See Davis v. G.N. Mortgage Corp.*, 396 F.3d 869, 883 (7th Cir. 2005). Such a claim also requires a showing of actual reliance. *Id.* As explained above, this court has determined that defendants did not have any duty, attorney-client, contractual or otherwise, to plaintiffs. In addition, this court also previously concluded that there is no evidence that representations were made by Grund to plaintiffs or that there was any reliance on any representation. Consequently, there can be no claim for negligent misrepresentation, and summary judgment should be granted to defendants on Count V.

## VI. Count VI – Unjust Enrichment

Under Illinois law, a claim for unjust enrichment is not a separate cause of action, and there cannot be the basis for liability in the absence of the elements for fraud, constructive trust or other recognized equitable remedy. *See Fire Fighters Pension Fund v. Liberty Group*, 708 F. Supp. 1504, 1507 (N.D. Ill. 1989) (applying Illinois law) ("A claim for unjust enrichment is not an independent cause of action but instead is a remedy for some other substantive wrongdoing."); *Charles Hester Enterprises, Inc. v. Illinois Founders Ins. Co.*, 137 Ill. App. 3d 84, 90-91, 484 N.E.2d 349, 354-55 (5th Dist. 1985). As explained in detail above, plaintiffs have failed to provide any evidence to support their claims for legal malpractice, breach of contract,

9

breach of the covenant of good fair and fair dealings, or fraudulent and negligent misrepresentation. Without any substantive wrongdoing, plaintiffs cannot sustain a claim for unjust enrichment, and defendants are entitled to summary judgment on Count VI.

## CONCLUSION

For all of the foregoing reasons, the motion for leave to file an amended response to defendants' Rule 56.1 statement of facts [105] is granted, the motion to strike [98] is granted in part and denied in part, and the motion for summary judgment [100] is granted, terminating the case. This is a final and appealable order.

It is so ordered.

Wayne R. Andersen
United States District Court

Dated: February 2, 2007